IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 JUN -3 PM 3: 40

DEPUTY CLERK

| | |
|---|---|
| WILLIAM SAMUAL SLATTON, § § § Plaintiff, § § vs. § § § CAROLYN W. COLVIN, § Acting Commissioner of Social Security, § § Defendant. § | Civil Action No. 1:12-CV-053-BL ECF Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed April 4, 2012, seeking judicial review of the administrative decision of the Commissioner of Social Security which denied Plaintiff's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of his complaint on August 29, 2012 (Doc. 18). Defendant filed a brief on September 27, 2012 (Doc. 20). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on April 5, 2012 (Doc. 5), and September 4, 2012 (Doc. 20).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I. STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on April 10, 2009, alleging disability beginning September 1, 2001. Tr. 125-131. Plaintiff's application was denied initially and upon reconsideration. Tr. 50-53, 56-58. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on October 9, 2009, and this case came for hearing before the ALJ on March 18, 2010. Tr. 42-46, 61-67. Plaintiff appeared and asked for a continuance in order to obtain representation. Tr. 45. A second hearing was set for October 13, 2010. Tr. 26. Plaintiff, with a representative, appeared and testified in his own behalf. Tr. 26-38. A vocational expert ("VE") appeared and provided expert testimony. Tr. 38-40. Plaintiff's alleged onset date was amended, upon his request, to December 31, 2005, the date last insured. Tr. 30. The ALJ issued an opinion that was unfavorable to Plaintiff on October 27, 2010. Tr. 12-25.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. The ALJ found that Plaintiff met the insured status requirements through December 31, 2005, his date last insured and the amended alleged onset date, and that he had not engaged in substantial gainful activity at any time since then. Tr. 17. The ALJ found that Plaintiff has a "severe" impairment, chronic lower back pain. The ALJ found that Plaintiff's medically determinable impairment(s), singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 18. The ALJ specifically addressed the listed impairments relating to musculoskeletal disorder. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p (July 2, 1996)("SSR 96-7p"). Tr. 18-19. The ALJ noted Plaintiff's report of developing back pain following a motor vehicle accident in 1990. Tr. 19. The ALJ noted that an imaging study of Plaintiff's lumbar spine demonstrated mild degenerative disc disease. *Id.* The ALJ described Plaintiff's testimony of primarily staying at home during the relevant period, watching television, being able to drive, washing dishes, preparing meals, working in the yard, using a computer, and reading. *Id.* The ALJ also noted that despite Plaintiff's complaints of severe pain, he reported currently being able to vacuum, perform household repairs, care for pets, shop for groceries, and spend time at a coffee shop several days a week. Tr. 19. The ALJ noted Plaintiff's testimony of relieving his symptoms by changing positions and, during the relevant time period, treating his pain with non-prescription medication two to four times per week. *Id.*

The ALJ found that, based on the evidence in the record, that Plaintiff's statements concerning his impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible to the extent alleged, although he found the Plaintiff generally credible. Tr. 20. The ALJ also noted Plaintiff's poor work history after 2000 in making his credibility determination. *Id.*

The ALJ noted that the State agency medical consultants had opined that Plaintiff had no "severe" impairments prior to the expiration of his insured status. Tr. 20. The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work: occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand and/or walk six hours during an 8-hour workday; sit for six hours during an 8-hour

workday with the ability to periodically alternate between sitting and standing; frequently climb ramps and stairs; he can never climb ladders, ropes, or scaffolds; he can occasionally balance, kneel, crouch, crawl, or stoop; he has no hand/arm manipulative or visual/communicative limitations; and he cannot work around hazardous moving machinery or at unprotected heights. Tr. 18. In making his RFC finding, the ALJ described the weight given to the opinions of the treatment providers, the State agency medical consultants, and to the subjective allegations and testimony of the Plaintiff. Tr. 20-22.

The ALJ, relying upon the testimony of the VE, found that Plaintiff retained the residual functional capacity to perform his past relevant work, as it is performed in the national economy. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 21-22.

Plaintiff sought review of the hearing decision and order. Tr. 10-11. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 4-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

Plaintiff sought and was granted an extension of time to file a civil action. On April 4, 2012, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.    STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence

"is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case, the ALJ found at step 4 that Plaintiff was not disabled because he retained the ability to perform his past relevant work as a sales representative for utilities.

### III. DISCUSSION

Plaintiff argues that the RFC finding by the ALJ fails to meet the requirements of Soc. Sec. Ruling 96-9p, July 2, 1996 ("SSR 96-9p") and is incorrect as a matter of law. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

The term "residual functional capacity assessment" describes an adjudicator's finding about

the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In his opinion, the ALJ found that Plaintiff retained the RFC for a range of light work, subject to the need to alternate sitting and standing to relieve pain or discomfort. Plaintiff argues that the sit/stand option incorporated into the RFC does not meet the requirements of SSR 96-9p which states that the "RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing."

Clearly, SSR 96-9p describes a situation wherein "the occupational base for a full range of unskilled sedentary work will be eroded" by a claimant's need to alternate between sitting and standing. SSR 96-6p. Plaintiff admits the same, but argues that the inexact nature of the sit/stand limitation in the RFC does not make it clear whether Plaintiff can *actually* perform a range of work at the light exertional level. Plaintiff argues that if he is not able to perform his past relevant work, described as being at the light exertional level by the VE, additional VE testimony would be required to determine whether Plaintiff's retains transferable skills. If Plaintiff is found to have transferable skills, application of the Medical-Vocational Rules, 20 C.F.R. § Part 404, Subpt. P, App. 2, to direct a finding of "disabled" would be inappropriate. Based on this convoluted line of reasoning, Plaintiff

argues that the ALJ erred as a matter of law and seeks remand for either an award of benefits or further administrative proceedings.

The record demonstrates that at the October 12, 2010 hearing, the ALJ incorporated limitations on "standing and walking about six hours during an eight hour day," and sitting "about six hours in an eight hour day with the ability to alternate sitting or standing to relieve pain or discomfort." Tr. 39. Plaintiff's counsel questioned the VE about a claimant unable to stand a total of two hours during an 8-hour workday, with the need to get up every 30 minutes. Tr. 40. The VE testified that this proposed limitation would be incompatible with work at the light exertional level. *Id.* Upon further questioning by counsel for Plaintiff, the VE testified that if a person needed to get up for 15 minutes out of every hour to relieve pain, such a person could perform work at a sedentary level. *Id.*

To perform the full range of a certain level of work, a person must be able to perform all or substantially all of that range of work. Social Security Ruling 83-10 (August 20, 1980)("SSR 83-10"). The ALJ, however, did not find that Plaintiff retained the ability to perform a full range of work at the light exertional level, nor did he apply the Medical-Vocational Rules ("The Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Rather, the ALJ relied upon the testimony of the VE, who identified jobs that a person with the limited range of light work, as described in the RFC determination, could perform.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique

requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." The ALJ asked the VE to testify as to the availability of jobs that a person with Plaintiff's vocational profile and an RFC for a "range of light work," as further limited by postural and nonexertional considerations, could perform. Tr. 38. In response, the VE specifically testified that such a person could perform Plaintiff's past relevant work.

The testimony of the VE constitutes substantial evidence which the ALJ appropriately relied upon in finding that Plaintiff could perform his past relevant work. The ALJ did not include the additional limitations suggested by counsel for Plaintiff. The ALJ found that Plaintiff could stand/walk about 6 hours in an 8-hour day and can also sit for about 6 hours during an 8-hour workday. Tr. 18. There is no inherent conflict with the sit/stand option as described in the RFC determination. Moreover, SSR 96-9p specifically addresses situations involving a limited range of work at the sedentary exertional levels and is inapposite to the instant matter.

There is substantial evidence in the record to support the ALJ's RFC determination. In addition, the ALJ did not err by relying upon the testimony of the VE in finding that Plaintiff retained the RFC to perform his past relevant work and was thus not disabled. The ALJ opinion is supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed April 4, 2012 (Doc. 1), is **DISMISSED WITH PREJUDICE.**

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 3rd day of June, 2013.

_/s/ E. Scott Frost_

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**